JORDAN LAW GROUP
PATRICK W. JORDAN (Bar No. 52115)
pwj@pjordanlaw.com
1010 "B" Street, Suite 320
San Rafael, California 94901
Telephone: (415) 459-9865
Fax: (415) 459-9871

Attorneys for Plaintiff
MEDIC AMBULANCE SERVICE INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MEDIC AMBULANCE SERVICE INC., | **Case No. 2:17-cv-01859-KJM-KJN** |
| Plaintiff, | **DECLARATION OF PATRICK W. JORDAN IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD** |
| v. | |
| UNITED EMS WORKERS, AFSCME LOCAL 4911, | **Date: October 20, 2017**<br>**Time: 10:00 A.M.**<br>**Courtroom: 3, 15th floor**<br>**Judge: Kimberly J. Mueller** |
| Defendant. | **Petition to Vacate Filed: September 7, 2017** |

I, PATRICK W. JORDAN, declare:

1.      I am an attorney, duly licensed to practice in the State of California, and the principal of Jordan Law Group, counsel for Medic Ambulance Service Inc. I make this declaration in support of Plaintiff's Motion to Vacate Arbitration Award. I have personal knowledge of the facts stated in this declaration and could competently testify to them if called as a witness.

2.      I met and conferred with Attorney for Defendant Manuel Boigues before filing this motion. I received the arbitration award on June 11, 2017. Approximately June 18, 2017, I called

1

Manuel Boigues and discussed the potential for a Petition to Vacate, the potential argument in support of the petition, and to see if there was any way to settle this dispute. He did not believe my argument had merit. I emailed Mr. Boigues again on July 25, 2017 thanking him for discussing the situation and seeing if we could negotiate a resolution. (See **Exhibit C** attached to this Declaration.) I did not receive a response.

3.      My client is willing to continue discussing settlement of this matter if Defendant will engage in such.

3.      Attached as **Exhibit A** are true and correct copies of pages from the transcript of the first day of the arbitration hearing on November 21, 2016.

4.      Attached as **Exhibit B** are true and correct copies of pages from the transcript of the second day of the arbitration hearing on February 17, 2017.

5.      Attached as **Exhibit C** is a true and correct copy of my email to Manuel Boigues on July 25, 2017.

Dated: September 9, 2017                              JORDAN LAW GROUP

By:  /S/ Patrick W. Jordan
Attorney for Medic Ambulance Service Inc.

1

**PROOF OF SERVICE**

2

**RE: Medic Ambulance Services v. United EMS Workers, AFSCME, Local 4911**
**Case No. 2:17-CV-01859-KJM-KJN**

3

**I, CHRISTOPHER J. OHLSEN declare that**

4

I am employed in the County of San Rafael, State of California, I am over the age of eighteen years and not a party to the within entitled action. My business address is 1010 B St., Ste 320, San Rafael, CA 94901

5

6

On September 9, 2017, I caused the following:

7

   -  **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO VACATE ARBITRATION AWARD**

8

   -  **MEMORANDUM OF POINTS AND AUHTROITIES IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD**

9

   -  **DECLARATION OF PATRICK W. JORDAN IN SUPORT OF MOTION TO VACATE ARBITRATION AWARD**

10

11

to be ECF filed on the interested party in said case and delivered to Western Attorney Services for service by hand delivery on September 11, 2017 to:

12

13

United EMS Workers, AFSCME, Local 4911
7275 National Dr., Unit F
Livermore, CA 94550

14

15

Manuel A Boigues
Weinberg Roger& Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501

16

17

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at San Francisco, California.

18

19

     Date: September 9, 2017              By:  /S/ Christopher J. Ohlsen

20

21

22

23

24

25

26

27

28

3

EXHIBIT A

IN ARBITRATION PROCEEDINGS PURSUANT TO THE COLLECTIVE
BARGAINING AGREEMENT BETWEEN THE PARTIES

---oOo---

In the Matter of a Controversy

       between

UNITED EMS WORKERS, LOCAL 4911,
AFSCME, AFL-CIO,

              Complainant,

       and

MEDIC AMBULANCE SERVICE, INC.,

              Respondent.

Re: Mandation
_____/

Volume 2, Pages 171-262

## CONTINUED ARBITRATION PROCEEDINGS

## BEFORE ARBITRATOR PORTIA K. IGARASHI

## FEBRUARY 17, 2017

---oOo---

Medic Ambulance Service
506 Couch Street
Vallejo, California 94590

---oOo---

Met, pursuant to notice, at 9:30 a.m., on the record
at 9:49 a.m.

---oOo---

Reporter:  Kathy Jo Kliewer, CSR 4737
P.O. Box 847
Dixon, California 95620

## PROCEEDINGS ON THE RECORD

1

2          THE ARBITRATOR:  Let's go on the record.

3          Who would like to start?

4          MR. BOIGUES:  This is for the union.  We have

5    one procedural issue, Madam Arbitrator, that we will be

6    asking you to decide.  And the framing of that issue --

7    we've talked off the record and I think we'll agree with

8    whether the union's grievance should be granted because

9    the company failed to comply with the obligations under

10   the grievance procedure of the CBA.

11          THE ARBITRATOR:  Okay.

12          MR. BOIGUES:  Then we have an issue on the

13   merits.  This is a union grievance.  The union filed the

14   grievance in this case.  And the union will submit that

15   the issue on the merits for decision is whether the

16   employer violated the CBA when they made changes to the

17   practice/process regarding assignment of mandatory

18   shifts; and if so, what is the appropriate remedy.

19          THE ARBITRATOR:  Okay.

20          MR. BOIGUES:  Understand the employer -- we'll

21   stipulate to the first issue on the procedural question,

22   but the second one the employer has a different framing

23   of the question for the arbitrator.

24          MR. JORDAN:  Yeah, we frame it differently.

25          THE ARBITRATOR:  Okay.

KATHY JO KLIEWER, CERTIFIED SHORTHAND REPORTER
(707) 678-3492

1       MR. JORDAN:  I have two separate issues on the

2   merits:  May the employer mandate working hours/shifts

3   where an employee who had bid and been awarded

4   hours/shifts is known to be unavailable for said

5   hours/shifts.

6       MR. BOIGUES:  Read that again.  Sorry.  May the

7   employer --

8       MR. JORDAN:  May the employer mandate working

9   hours/shifts where an employee who had bid and been

10  awarded hours/shifts is known to be unavailable for said

11  hours/shift.

12      Since you're too cheap to buy a transcript,

13  you got to write all this down.

14      MR. BOIGUES:  Yes.  I'm not too cheap, I'm just

15  trying to save union dues.

16      MR. JORDAN:  I understand.  Noble cause.

17      MR. BOIGUES:  So that's No. 1.

18      MR. JORDAN:  No. 2:  May the employer

19  properly -- may the employee, properly mandated to work

20  hours/shifts, interfere with the employer's ability to

21  fill hours/shifts.

22      MR. BOIGUES:  What we discussed off the record,

23  Madam Arbitrator, is that each side will submit those

24  issues and that we would defer to you to frame the

25  ultimate issue for decision based on the evidence

                                                        7

1   presented.

2          THE ARBITRATOR:  Okay.

3          MR. BOIGUES:  I will also offer a stipulation

4   that all the issues that have been offered are properly

5   before the arbitrator for final and binding decision,

6   all the questions.

7          MR. JORDAN:  Yes.

8          MR. BOIGUES:  And then I'll offer another

9   stipulation:  That the arbitrator shall retain

10   jurisdiction over any remedy awarded, if there is any.

11          THE ARBITRATOR:  Okay.

12          MR. BOIGUES:  We also marked off the record,

13   Madam Arbitrator, 11 joint exhibits.  I could identify

14   them on the record, if you'd like me to do that now.

15          THE ARBITRATOR:  Sure.

16          MR. BOIGUES:  First joint exhibit is the

17   collective bargaining agreement between the parties,

18   which has the effective date of April 26, 2014 through

19   April 25th, 2021.

20          Joint Exhibit No. 2 is a grievance filed by

21   the union on April 15, 2016.

22          Joint Exhibit No. 3 are email exchanges

23   between the union representative and a representative

24   of the employer regarding the scheduling of the Step 1

25   meeting that's required in the collective bargaining

KATHY JO KLIEWER, CERTIFIED SHORTHAND REPORTER
(707) 678-3492

1    party's last stated position without

2    setting a precedent."  End quote.

3         And that's in Section 5.2 of the collective

4    bargaining agreement.

5         And the union's position here is simple:  That

6    because the employer failed to comply with the Step 2

7    time requirements and did not get an extension in

8    writing from the union, this grievance should be

9    resolved in the union's favor, without setting a

10   precedent as set forth in that provision of 5.2.

11        And the union, therefore, requests that the

12   arbitrator first address that issue, and the arbitrator

13   agrees that the arbitrator grant the grievance without

14   having to even get to the merits of the dispute.

15        If the arbitrator does reach the merits of the

16   dispute, I think the arbitrator will find this to be a

17   pretty simple and straightforward case, and the

18   arbitrator should sustain the union's grievance.

19        The union's grievance in this case, Madam

20   Arbitrator, the merits deal with mandatory assignment

21   of shifts by the employer.  Specifically, the parties

22   negotiated a provision in the agreement that is found

23   in Article 10.10, page 17 of the collective bargaining

24   agreement.

25        Article 10 deals with hours of work and

REPORTER'S CERTIFICATE PAGE


        I certify that the proceedings in the

above-entitled cause were reported at the time and

place therein named by me, a duly Certified

Shorthand Reporter and a disinterested person,

and thereafter transcribed into typewriting.

        I further certify that I am not of

counsel or attorney for either or any of the

parties to said proceedings, nor in any way

interested in the outcome of the cause named in

said caption.




            January 5, 2017

            _____

            Date Signed



            _____
            Kathy Jo Kliewer, CSR

            Certified Shorthand Reporter # 4737

            State of California

KATHY JO KLIEWER, CERTIFIED SHORTHAND REPORTER
                (707) 678-3492

EXHIBIT B

IN ARBITRATION PROCEEDINGS PURSUANT TO THE COLLECTIVE
BARGAINING AGREEMENT BETWEEN THE PARTIES
---oOo---

In the Matter of a Controversy

between

UNITED EMS WORKERS, LOCAL 4911,

AFSCME, AFL-CIO,

                    Complainant,

        and

MEDIC AMBULANCE SERVICE, INC.,

                    Respondent.

Re: Mandation

_____/

Volume 1, Pages 1-170

## ARBITRATION PROCEEDINGS

### BEFORE ARBITRATOR PORTIA K. IGARASHI

### NOVEMBER 21, 2016

---oOo---

Medic Ambulance Service
506 Couch Street
Vallejo, California 94590

---oOo---

Met, pursuant to notice, at 10:00 a.m., on the record
at 10:19 a.m.


---oOo---

Reporter:  Kathy Jo Kliewer, CSR 4737
P.O. Box 847
Dixon, California 95620

1    Q.        All right.  Turning your attention to on or

2    around April of 2016, was there open time that had to be

3    filled by the company?

4    A.        Correct.

5    Q.        And do you remember at that time what those

6    shift numbers were?

7    A.        If I recall, it was 209, 210 and 211.

8    Q.        Are you familiar with what occurred in

9    connection with efforts to fill that?

10   A.        Yeah.  We mandated.

11   Q.        Directing your attention to Joint Exhibit 1,

12   the contract, do you have that?

13   A.        I do not.

14   Q.        Would you please direct your attention to

15   Section 11.6 at page 19.

16   A.        Thank you.  Okay.

17   Q.        Are you familiar with this?

18   A.        Very.

19   Q.        Although the words speak for themselves, is

20   there some sort of pecking order as to who can be

21   mandated first?

22   A.        Well, mandations go by reverse seniority.

23   Q.        Okay.  So with respect to Item A(1), would you

24   explain to the arbitrator what that signifies?

25   A.        So if we have open hours, whoever can bid on

1    them, I have to award those bids in that particular

2    order.  So if I have a -- for example, if I have a

3    part-time employee bid and a full-time employee, I'll go

4    to the part-time employee first.

5    Q.       So the part-time employees have first crack at

6    these open hours?

7    A.       Correct.

8    Q.       And then No. 2, how does that work?

9    A.       All full-time employees that bid on the shift

10   that are available to work those hours goes by

11   seniority.  So, for example, if Employee A worked here

12   for 10 years and Employee B worked here for 5 years and

13   they both bid, it would go to Employee A because he had

14   the most seniority.

15   Q.       And then No. 3?

16   A.       "Any employee willing to accept the shift."

17   Q.       What does that mean?

18   A.       Anybody that -- you know, anybody that wants to

19   work it.  If I say, "Hey, I want to work it" -- an EMT

20   or paramedic -- "I'll work it."

21            "Okay.  It's yours."

22   Q.       Then the fourth in the order of calling, as we

23   call it, what does this mean?

24   A.       Supervisor, non-management -- or, correction,

25   management.  Non-bargaining is what I meant to say.  So

1  if I wanted to work the shift, I could work the shift.

2  If Jimmy wanted to pick up the shift, he could pick up a

3  shift, or any of our paramedics --

4  Q.        You couldn't do that unless part-time

5  employees, full-time employees, and anyone else who

6  might be willing to work --

7  A.        Correct.

8  Q.        -- part of the bargaining unit --

9  A.        Correct.

10  Q.        -- had first shot at those hours?

11  A.        Correct.

12  Q.        And then we get to mandatory?

13  A.        Uh-huh.

14  Q.        Directing your attention to 10. --

15        MR. BOIGUES:  What section?  Sorry, Pat.

16        MR. JORDAN:  10.10.

17        MR. BOIGUES:  Thank you.

18        THE WITNESS:  Okay.

19  Q.        (By MR. JORDAN):  Does this work alongside 11.6

20  that we just looked at?

21  A.        100 percent.

22  Q.        Can you explain to the arbitrator how that

23  works?

24  A.        If I exhaust my list in, I believe it was in

25  11.6 -- my apologies.  If I exhaust my list and go down

REPORTER'S CERTIFICATE PAGE

I certify that the proceedings in the above-entitled cause were reported at the time and place therein named by me, a duly Certified Shorthand Reporter and a disinterested person, and thereafter transcribed into typewriting.

I further certify that I am not of counsel or attorney for either or any of the parties to said proceedings, nor in any way interested in the outcome of the cause named in said caption.

March 4, 2017

_____

Date Signed

_____

Kathy Jo Kliewer, CSR, RPR
Certified Shorthand Reporter # 4737
State of California

262

KATHY JO KLIEWER, CERTIFIED SHORTHAND REPORTER
(707) 678-3492

EXHIBIT C

**Chris Ohlsen**

**From:**       Patrick Jordan
**Sent:**       Tuesday, July 25, 2017 10:27 AM
**To:**         mboigues@unioncounsel.net
**Subject:**    Medic/Hutson

Manny,
Thanks for discussing the situation and listening. Haven't heard nothing back from you I thought I would check in. Please advise if there is interest in discussing a negotiated resolution.

Regards,
Pat

Patrick W. Jordan, Esq.
Jordan Law Group
1010 B Street, Suite 320
San Rafael, CA 94901
(415) 459-9868 (Direct)
(415) 459-9865 (Office)
(415) 309-9020 (Cell)
(415) 459-9871 (Fax)
pjordanlaw.com (Web)

Jordan Law Group is a boutique labor and employment law firm. Our areas of practice include traditional labor law and NLRB litigation, union avoidance, collective bargaining compliance audits, employment litigation and arbitration, wage and hour laws, employee contracts and termination.

Circular 230 Disclosure: To ensure compliance with Treasury Department rules governing tax practice, we hereby inform you that any advice contained herein (including in any attachment) (1) was not written or intended to be used or cannot be used, by you or any taxpayer for purposes of avoiding any penalties that may be imposed on you or any taxpayer and (2) may not be used or referred to by you or any other person in connection with promoting, marketing, or recommending to another any transaction or matter addressed herein.

Confidentiality Notice: This email message and any attachments are confidential and may be attorney client privileged. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (415) 459-9865 or by email at cjo@pjordanlaw.com. Thank you.

1